UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL R. ROBINETT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-1736-NCC |
| | ) | |
| RICHARD LISENBEE, JR. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Due to plaintiff's failure to comply with this Court's December 30, 2016 Order, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### Procedural History

Plaintiff Michael Robinett, an inmate at the Phelps County Jail, commenced this civil action on November 7, 2016, naming Sheriff Richard Lisenbee, Jr. and Lieutenant Matt Shults as defendants. At the time plaintiff commenced this action, he neither paid the statutory filing fee nor sought leave to proceed *in forma pauperis*, and the Court entered an order directing him to do one or the other. Plaintiff subsequently sought and was granted leave to proceed *in forma pauperis*, and the Court assessed an initial partial filing fee of $13.00. The Court reviewed the complaint and noted that pages were obviously missing. The Court also noted that, in the intact portion of the complaint, plaintiff purported to bring claims to federal court on behalf of others, which was impermissible.

In an order dated December 30, 2016, the Court noted the foregoing deficiencies and directed plaintiff to submit an amended complaint (and pay the initial partial filing fee) within

thirty days. In that order, the Court expressly cautioned plaintiff that his failure to timely comply would result in the dismissal of his case without further notice to him. Plaintiff's response to the Court was due on January 30, 2017. To date, he has filed nothing.

## Discussion

This Court may dismiss an action for refusal of the plaintiff to comply with any court order, Fed. R. Civ. P. 41(b), and such action may be taken on the court's own motion. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (*per curiam*) (court may *sua sponte* dismiss an action if plaintiff fails to comply with court order). Although *pro se* pleadings are construed liberally, *pro se* litigants are not excused from complying with substantive and procedural law. *Faretta v. California*, 422 U.S. 806, 834-35 n. 46 (1975); *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) (giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse the errors of *pro se* litigants).

It is apparent that plaintiff has abandoned this case, given his failure to timely comply with this Court's December 30, 2016 Order. The Court will therefore dismiss this action without prejudice. *See Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (holding that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of February, 2017.

*E. Richard Webber* (signature)

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE